BOWEN, SECRETARY OF HEALTH AND HUMAN
SERVICES *v.* KIZER, DIRECTOR OF CALIFORNIA
DEPARTMENT OF HEALTH SERVICES, ET AL.

No. 86–863.  Argued November 10, 1987—Decided March 23, 1988

*Deputy Solicitor General Merrill* argued the cause for petitioner.  With him on the briefs were *Solicitor General Fried, Assistant Attorney General Willard, Deputy Solicitor General Lauber, Jerrold J. Ganzfried,* and *Richard Olderman.*

*Ralph Johnson,* Deputy Attorney General of California, argued the cause for respondents.  With him on the brief were *John K. Van de Kamp,* Attorney General, and *Evelyn R. Frank.**

PER CURIAM.

We granted the Secretary of Health and Human Services' petition for certiorari, 479 U. S. 1083 (1987), in order to review the judgment of the Court of Appeals for the Ninth Cir-

_____

*Briefs of *amici curiae* urging affirmance were filed for the State of Maryland et al. by *Lacy H. Thornburg,* Attorney General of North Carolina, and *Henry T. Rosser,* Assistant Attorney General, joined by the Attorneys General for their respective States as follows: *W. J. Michael Cody* of Tennessee, *Nicholas J. Spaeth* of North Dakota, *Jeffrey L. Amestoy* of Vermont, *Hubert H. Humphrey III* of Minnesota, *J. Joseph Curran, Jr.,* of Maryland, *Robert M. Spire* of Nebraska, and *Ken Eikenberry* of Washington; and for the California Association of Public Hospitals et al. by *Mark S. Windisch.*

cuit that the Secretary unlawfully rejected a California Medicaid plan amendment because an internal agency manual stating approval of the type of provision in question was a binding regulation, and because acceptance of the amendment was required by § 2373(c) of the Deficit Reduction Act of 1984, Pub. L. 98–369, 98 Stat. 1112, note following 42 U. S. C. § 1396a (1982 ed., Supp. III). *Cubanski* v. *Heckler*, 781 F. 2d 1421 (1986). After the case had been briefed and argued, Congress enacted § 4106 of the Omnibus Budget Reconciliation Act of 1987, Pub. L. 100–203, 101 Stat. 1330, which required the Secretary to approve the proposed California amendment, retroactively to the date of its proposal. The Secretary has complied with that requirement.

The parties agree that these developments have rendered the controversy moot. In accordance with our established practice, we vacate the judgment of the Ninth Circuit and remand with instructions to dismiss the suit. See *Deakins* v. *Monaghan*, 484 U. S. 193, 200, 204 (1988); *United States* v. *Munsingwear, Inc.*, 340 U. S. 36, 39–40 (1950).

*It is so ordered.*

JUSTICE KENNEDY took no part in the consideration or decision of this case.