928 F.2d 863
 137 L.R.R.M. (BNA) 2053, 118 Lab.Cas. P 10,638
 James S. SCOTT, Regional Director of the Thirty-Second
Region of the National Labor Relations Board, for
and on behalf of the National Labor
Relations Board, Petitioner-Appellant,
v.
IRON WORKERS LOCAL 118, INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL AND ORNAMENTAL IRON WORKERS, AFL-CIO,
Respondent-Appellee.
 No. 89-16001.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 20, 1990.
Decided March 20, 1991.
 
 William Mascioli, N.L.R.B., Washington, D.C., for petitioner-appellant.
 David Rosenfeld and William A. Sokol, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, Cal., for respondent-appellee.
 Appeal from the United States District Court for the Eastern District of California.
 Before WIGGINS and LEAVY, Circuit Judges, and STEPHENS*, District Judge.
 WIGGINS, Circuit Judge:
 
 
 1
 The National Labor Relations Board appeals an order of the district court, on remand from this court's dismissal of an earlier appeal as moot. The district court applied this circuit's Ringsby exception[1] to the rule requiring vacatur of lower court decisions in cases that have become moot on appeal, and declined to vacate its previous order. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the district court's order.
 
 BACKGROUND
 
 2
 In 1987, this court issued an order prohibiting Iron Workers Local 118 from engaging in secondary activities. NLRB v. Iron Workers Local 118, No. 87-7222 (9th Cir. Oct. 29, 1987).
 
 
 3
 During February, 1988, Iron Workers Local 118 engaged in picketing at a job site in Jamestown, California. The NLRB issued an administrative complaint alleging that this was unlawful secondary activity. The NLRB simultaneously filed the instant action seeking a preliminary injunction, pending determination of its administrative complaint, prohibiting this picketing.
 
 
 4
 The district court refused to issue the order that the NLRB sought, finding that the picketing was already prohibited by this court's October 29, 1987 order and, therefore, that any additional order by a district court would be "futile." The NLRB moved for reconsideration of the district court's decision, noting that the decision might collaterally estop the NLRB from obtaining similar relief from other district courts in connection with other allegedly illegal picketing by Local 118. Following the district court's denial of the motion for reconsideration, the NLRB on July 1, 1989 petitioned this court to hold the union in civil contempt of the court's October 29, 1987 order.
 
 
 5
 On July 19, 1989, the NLRB appealed the district court's decision. One day after filing its notice of appeal, however, the NLRB withdrew the administrative complaint on which the preliminary injunction proceeding was based. The parties agreed that this mooted the case, but disagreed whether this court should order the district court to vacate its decision. This court, in a one paragraph order by a motions panel of Judges Farris, Canby and Reinhardt, held:
 
 
 6
 Appellant's motion to dismiss the appeal as moot is granted. Appellants' motion to vacate the judgment of the district court is denied. See Ringsby Truck Lines v. Western Conference of Teamsters, 686 F.2d 720 (9th Cir.1982). The case is remanded to the district court to determine whether to vacate its judgment in light of "the consequences and attendant hardships of dismissal or refusal to dismiss." Id. at 722.
 
 
 7
 Scott v. Iron Workers Local 118, No. 88-15042 (9th Cir. Nov. 23, 1988).
 
 
 8
 On remand the district court found that the NLRB:
 
 
 9
 had already made the decision to withdraw the administrative complaint at the time the appeal was filed. The only reason, then for filing this appeal would have been in hopes of being able to vacate the adverse lower court judgment by filing the appeal and then causing it to become Moot....
 
 
 10
 Order of June 2, 1989 at 8. Although the district court criticized Ringsby as inconsistent with Supreme Court precedent, the district court concluded, "under these circumstances, I find that the equities do not favor vacating the judgment." Id. at 9.
 
 DISCUSSION
 
 11
 Whether the NLRB's motive in taking and mooting the appeal was to avoid the preclusive effect of the district court's prior order is a question of fact reviewed under the clearly erroneous standard. See United States v. McConney, 728 F.2d 1195, 1200-01, 1203 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). The validity of Ringsby is a question of law reviewed de novo. See id. at 1201. Whether the district court correctly applied Ringsby to the facts of this case is a mixed question of law and fact, reviewed de novo. See id. at 1202-04.
 
 1. The Validity of Ringsby
 
 12
 In Ringsby, this court held that an appellate court should not vacate a lower court opinion in a moot case in the narrow situation in which the appellant, having lost in the court below and desiring to avoid the collateral estoppel effects of the lower court decision, causes his appeal to become moot. Ringsby, 686 F.2d at 722-23. Rather, the district court should consider "the competing values of finality of judgment and right to relitigation of unreviewed disputes" and vacate or decline to vacate its prior decision accordingly. Id. at 722. This court specifically distinguished the general rule of vacatur in moot cases, enunciated by the Supreme Court in United States v. Munsingwear, Inc., 340 U.S. 36, 39-40, 71 S.Ct. 104, 106-07, 95 L.Ed. 36 (1950).
 
 
 13
 Although appellant argues, and the district court opined, that Ringsby is inconsistent with Munsingwear, Ringsby is Ninth Circuit precedent which binds us. Appellant correctly states that the Supreme Court has on many occasions since this court's decision in Ringsby dismissed moot cases with directions that the lower court decisions be vacated. But none of those cases involved an appellant who took an appeal to destroy the preclusive effect of the lower court judgment. See, e.g., Webster v. Reproductive Health Services, 492 U.S. 490, 109 S.Ct. 3040, 3053-54, 106 L.Ed.2d 410 (1989) (appellees' decision "to no longer seek a declaratory judgment that Sec. 188.205 is unconstitutional and accompanying declaratory relief" rendered the appeal moot on one issue); Bowen v. Kizer, 485 U.S. 386, 387, 108 S.Ct. 1200, 99 L.Ed.2d 402 (1988) (Congress' enactment, after briefing and argument of the case, of law requiring Secretary of Health and Human Services to take action that was the subject of the dispute rendered the appeal moot); Deakins v. Monaghan, 484 U.S. 193, 200-201, 108 S.Ct. 523, 528-29, 98 L.Ed.2d 529 (1988) (respondents' withdrawal of their complaints rendered the appeal moot); Burke v. Barnes, 479 U.S. 361, 365, 107 S.Ct. 734, 737, 93 L.Ed.2d 732 (1987) (expiration of disputed house bill rendered the appeal moot); United States Dep't of Treasury v. Galioto, 477 U.S. 556, 559-60, 106 S.Ct. 2683, 2685-86, 91 L.Ed.2d 459 (1986) (Congress' revision of the statute in question after briefing and argument of the case rendered the appeal moot). Therefore, none of those cases can be looked upon as overruling Ringsby.
 
 
 14
 Furthermore, Ringsby is not an anomaly in the courts of appeals. The District of Columbia Circuit has a similar rule. See United States v. Garde, 848 F.2d 1307, 1310 (D.C.Cir.1988); cf. Matter of Memorial Hospital, 862 F.2d 1299 (7th Cir.1988). The D.C. Circuit analogized Ringsby to the situation in which the losing party simply declines to pursue an appeal--a situation in which the Supreme Court will not vacate the lower court judgment. See Karcher v. May, 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987). Hence, we are obliged to follow Ringsby.
 
 2. The Application of Ringsby
 
 15
 Ringsby held that a district court considering vacating its prior judgment, or considering whether to give preclusive effect to a judgment not vacated earlier, should balance the value of the right to relitigate against the value of finality of judgment. 686 F.2d at 722. The NLRB contests the district court's factual conclusion that its sole motive in appealing was to moot the case. The NLRB contends that it was motivated, at least in part, by the union's cessation of picketing. However, we believe that the district court's conclusion is the only reasonable conclusion. Appellant states that "the circumstances that supported the need for immediate relief in this particular case evaporated." Yet the NLRB admits that "cessation of alleged unlawful conduct ... would not justify abandonment of the unfair labor practice proceeding, absent settlement. For the Board has a legitimate interest in establishing a respondent's liability for past conduct and putting it under a permanent injunction prohibiting such conduct in the future."
 
 
 16
 The NLRB also contends at one point that its institution of contempt proceedings removed the necessity for pursuing its administrative complaint. Yet the NLRB argues strenuously that contempt proceedings are often an inadequate substitution for an administrative proceeding because contempt proceedings require a higher standard of proof than administrative proceedings. The NLRB notes that only "a successful contempt proceeding would be an adequate substitute for a board adjudication." Moreover, contempt proceedings were instituted July 1, 1988, while the NLRB waited until July 20, 1988--one day after filing its notice of appeal--to dismiss its administrative complaint.
 
 
 17
 Furthermore, the Board never states that it customarily or even on any occasions other than this one, withdraws an administrative complaint once contempt proceedings are filed rather than holding the complaint in abeyance until the contempt proceeding is resolved. The NLRB instead states that it routinely "defer[s]" administrative proceedings pending resolution of contempt proceedings. It counters appellee's counsel's statement to the district court that withdrawal of an administrative complaint was "unprecedented in their experience," not with a denial but with an assertion that withdrawal of an administrative complaint pending disposition of contempt proceedings has the same effect as postponing consideration of the administrative complaint. However, if this were true, the NLRB would have had no reason to deviate from its tried and true procedures in this case.
 
 
 18
 We find no error in the district court's application of Ringsby.
 
 
 19
 The order of the district court is AFFIRMED.
 
 
 
 *
 Hon. Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Ringsby Truck Lines v. Western Conference of Teamsters, 686 F.2d 720 (9th Cir.1982)