935 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ZUPNIK-ROSSLYN LIMITED PARTNERSHIP, a Virginia Limited
Partnership and Stanley Zupnik, Plaintiffs-Appellees,
v.
TEOS REALTY DEVELOPMENT, B.V., a Netherlands Corporation,
Rosslyn Center Realty Investments, B.V., a
Netherlands Corporation, Defendants-Appellants,
and
Edward L. Daniels, Dario Zucchi, The Daniels Company,
Incorporated, Clover Development Corporation, Defendants.
 No. 89-1582.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided June 14, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-88-3210-JH, CA-89-420-PN)
 William James Murphy, Murphy & McDaniel, Baltimore, Md. (argued), for appellants; William Alden McDaniel, Jr., Murphy & McDaniel, Baltimore, Md., Alan S. Anderson, Tucker, Flyer, Sanger & Lewis, Washington, D.C., on brief.
 Clifton Scott Elgarten, Crowell & Moring, Washington, D.C. (argued), for appellee; Richard L. Beizer, Melinda B. Thaler, Crowell & Moring, Washington, D.C., on brief.
 D.Md.
 DISMISSED AND REMANDED.
 Before WIDENER and WILKINS, Circuit Judges, and Houck, United States District Judge for the District of South Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Appellants, Teos and Rosslyn Center Realty, were required by the district court to perform specifically a contract for the sale of real estate. They agreed to comply with that decision and to convey the real estate, as ordered by the district court, but filed a notice of appeal for reasons doubtless sufficient to themselves, but which remain obscure to us.
 
 
 2
 But, as events turned out, appellees Zupnik-Rosslyn, et al., were unable to secure financing for the purchase of the said real estate and had to cancel the contract without penalty, as the contract provided. The parties agree that the case is now moot.
 
 
 3
 The appellees argue strenuously that although dismissal of the appeal is appropriate on the ground of mootness, the decision of the district court should not be remanded for vacation as moot because such action would permit the vacation of unfavorable district court decisions merely by filing a notice of appeal, even when the losing party intended to comply, for no other purpose than to vacate the unfavorable decision.
 
 
 4
 If that proposition be true, see Scott v. Iron Workers Local 118, 928 F.2d 863 (9th Cir.1991), and In Re: United States of America, 927 F.2d 626 (D.C.Cir.1991), we may speculate that if the purchase had proceeded as ordered by the district court, the appeal of the defendants might have been dismissed under Scott and In Re: United States of America without disturbing the decision of the district court.
 
 
 5
 But that is not the question before us; here mootness has occurred due to the fault of neither party, and we think this appeal must be dismissed and the case remanded to the district court for vacation of its decision and order appealed from as moot. See Great Western Sugar Co. v. Nelson, 442 U.S. 92 (1979); United States v. Munsingwear, 340 U.S. 36 (1950); Mills v. Green, 159 U.S. 651, 653 (1895).
 
 
 6
 DISMISSED AND REMANDED WITH INSTRUCTIONS.