UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COMMONWEALTH OF VIRGINIA,
<u>Plaintiff-Appellant,</u>

v.

JANET RENO, in her official capacity

of Attorney General of the United
States of America; THE DISTRICT OF
COLUMBIA,
<u>Defendants-Appellees.</u>

No. 97-1371

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-96-826)

Argued: August 13, 1997

Decided: September 9, 1997

Before RUSSELL and HALL, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Vacated and remanded with directions by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Peter Robert Messitt, Senior Assistant Attorney General,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for

Appellant. Scott Ramsey McIntosh, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee Reno; Lutz Alexander Prager, Assistant Deputy Corporation Counsel, Washington, D.C., for Appellee District. **ON BRIEF:** James S. Gilmore, III, Attorney General of Virginia, Catherine C. Hammond, Deputy Attorney General, A. Ann Berkebile, Assistant Attorney General, Pamela A. Sargent, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellant. Frank W. Hunger, Assistant Attorney General, Helen F. Fahey, United States Attorney, Michael Jay Singer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee Reno; Jo Anne Robinson, Interim Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Appellate Division, Washington, D.C., for Appellee District.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The State of Virginia brought suit against the United States and the District of Columbia to prohibit the District's operation of the Lorton Correctional Complex. Although the Lorton property is owned by the federal government, it lies within the boundaries of Virginia. The relevant constitutional question was whether the Enclave Clause[1] limits Congress' power under the Property Clause[2] to authorize the District's operation of a municipal prison beyond the ten square mile area set aside for the seat of the federal government. The district court found that Congress had acted within its constitutional authority in

_____

[1] U.S. Const., Art. I, § 8, cl. 17.

[2] U.S. Const., Art. IV, § 3, cl. 2.

2

creating Lorton and granted the defendants' motion to dismiss.**3** Virginia appealed.

While this appeal was pending, but prior to oral argument, Congress passed the Balanced Budget Act of 1997.**4** The Act provides that Lorton Correctional Complex prisoners convicted of felonies under the District of Columbia Code are to be transferred to federal prisons or privately operated correctional facilities and that the Lorton Correctional Complex is to be closed no later than December 31, 2001.**5** The transfer of prisoners is to begin "[a]s soon as practicable" after the enactment of the Act.**6** President Clinton signed the Act into law on August 5, 1997.**7** At oral argument, held a week after the signing of the Act, the United States and the District of Columbia argued that the Act renders the case moot. We agree.

Congress has the ability to moot a pending controversy by enacting new legislation.**8** In this case, Virginia achieved the relief it desired by political means. This court could not order a more rapid closing of the Lorton Correctional Complex. Simply put, the Act was intended to specifically resolve the controversy, even if it does not address the underlying legal question.**9** Under these circumstances, we find that a controversy no longer exists. In accordance with established practice, we vacate the judgment of the district court and remand with instructions to dismiss the suit.**10**

VACATED AND REMANDED WITH DIRECTIONS

_____

**3** **Commonwealth of Virginia v. Janet Reno**, 955 F.Supp. 571 (E.D. Va. 1997).
**4** Pub.L. 105-33, 111 Stat. 251 (1997).

**5** **Id.** § 11201(b).
**6** **Id.** § 11201(h).
**7** John F. Harris & Eric Pianin, Bipartisanship Reigns at Budget Signing, Wash. Post, Aug. 6, 1997, at A1.

**8** **See Bowen v. Kizer**, 485 U.S. 386, 387 (1988) (legislative action rendered controversy moot); Stop H-3 Ass'n v. Dole , 870 F.2d 1419, 1432 (9th Cir. 1989) (Congress has authority to moot pending controversy).
**9** Sari Horowitz, Plan Would Close Lorton Over 4 Years, Wash. Post, July 31, 1997, at D5.

**10** **Bowen**, 485 U.S. at 387.

3