**RINGSBY TRUCK LINES, INC., and Ringsby-Pacific, Ltd., Plaintiffs-Appellants,**

v.

**WESTERN CONFERENCE OF TEAMSTERS, et al., Defendants-Appellees.**

**Nos. 80–4402, 80–4403.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1982.

Decided May 5, 1982.

As Amended on Denial of Rehearing Aug. 12 and Sept. 3, 1982.

Joseph M. Alioto, Alioto & Alioto, San Francisco, Cal., argued, for plaintiffs-appellants; Lawrence G. Papale, San Francisco, Cal., on brief.

Gerry M. Miller, Milwaukee, Wis., Dennis F. Moss, Los Angeles, Cal., argued, for defendants-appellees; Duane B. Beeson, Brundage, Beeson, Tayer & Kovach, San Francisco, Cal., Davis, Frommer & Jesinger, Los Angeles, Cal., Goldberg, Previant & Uelman, Milwaukee, Wis., on brief.

Before MERRILL, TRASK and PREGERSON, Circuit Judges.

TRASK, Circuit Judge:

This case has been briefed, argued, and submitted for decision to a panel of this court. Various motions to intervene have been filed and are awaiting rulings.

On February 8, 1982, the parties to the action by letter signed by Joseph M. Alioto notified the court that the parties to the litigation had settled their differences and have agreed that the judgment of the district court may be vacated and the appeal dismissed. No objection has been received by opposing counsel and we therefore consider that the litigation is moot.

Under similar circumstances, the Court of Appeals of the Second Circuit said:

When, during the pendency of an appeal, a case becomes moot, so that there is no longer any case or controversy before this court, there is a loss of jurisdiction; this lack of jurisdiction results from the constitutional limitation contained in Article III, § 2 of the Constitution. If the circumstances which rendered the case moot, after the judgment in the trial court, are due to circumstances over which appellant had no control, then the Supreme Court has, in some circumstances, in order to avoid unfairness, reversed and remanded with directions to the trial court to dismiss the suit instead of dismissing the appeal. But that is not the invariable practice. And we think that it is not the proper course here. This case has not become moot because of intervening circumstances over which appellant had no control. It resembles one where, after an appeal is taken, the defeated plaintiff settles and compromises the action or executes a release of his right to appeal . . . . [D]ismissal of the suit, as distinguished from dismissal of the appeal, might result in unfairness to appellee by subjecting him to other vexatious actions by appellant.

\*  \*  \*  \*  \*  \*

We shall, therefore, merely dismiss the appeal, with the consequence that the judgment . . . made by the trial court will stand as entered."

*Cover v. Schwartz*, 133 F.2d 541, 546–47 (2d Cir.), *cert. denied*, 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703 (1942) (footnotes omitted).

We find the distinction between litigants who are and are not responsible for rendering their case moot at the appellate level persuasive. If the effect of post-judgment settlements were automatically to vacate the trial court's judgment, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.

"It would be quite destructive to the principle of judicial finality to put such a litigant in a position to destroy the collateral conclusiveness of a judgment by destroying his own right of appeal." 1B Moore's Federal Practice ¶ 0.416[6] at p. 2327 (2d ed. 1982). That possibility would undermine the risks inherent in taking any controversy to trial and, in cases such as this one, provide the dissatisfied party with an opportunity to relitigate the same issues.[1]

We consider the facts of this case in which the appellant settled the dispute after judgment distinguishable from the Supreme Court's decisions in *Great Western Sugar v. Nelson*, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979) and *United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). In *Munsingwear*, the Court stated that "[t]he established practice of the Court in dealing with a civil case

1. Appellant's original complaint challenged the legality of a strike called by the Teamsters on April 1, 1976, and sought to vacate an arbitration decision which found the strike did not violate the terms of their collective bargaining agreement. The district court issued findings of fact and conclusions of law upholding the arbitration award against appellant's allegations of fraud, coercion and undue means. *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, No. C–76–661 (N.D.Cal. 1980); *Ringsby Truck Lines, Inc. v. Brotherhood of Teamsters, Local 70*, No. C–77–2626 (N.D.Cal.1980). In a related antitrust action

also brought by appellant, the district court refused to permit appellant to relitigate issues regarding the validity of the arbitration decision and granted partial summary judgment in favor of defendants relying upon the findings of the district court in this case. *See Ringsby Truck Lines, Inc. v. Trucking Employers, Inc.*, No. C–79–0321 (N.D.Cal.1981). We do not see why appellant should be permitted to avoid the collateral estoppel effect of the district court's findings by settling this dispute on appeal and petitioning for vacation of the court's adverse findings.

from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id.* at 39, 71 S.Ct. at 106. In *Munsingwear*, as in the present case, the Court was faced with the question whether a lower court judgment should give rise to *res judicata* or collateral estoppel where an appeal from that judgment had been rendered moot and dismissed. The Government argued that it should not, since dismissal of its appeal had deprived it of its review of the issue. The Court stated, "[b]ut it is said that those who have been prevented from obtaining the review to which they are entitled should not be treated as if there had been a review. That is the argument." 340 U.S. at 39, 71 S.Ct. at 106.

Thus the question in *Munsingwear* was whether an exception to the rule of bar by *res judicata* should apply where mootness of the appeal had prevented the appellant from securing a review of an adverse lower court judgment. The Court held that it should not, since the appellant can protect himself by moving to vacate the lower court judgment at the time the appeal is dismissed; and this the Government had failed to do. It was the Court's discussion of the Government's right to secure vacation of the lower court judgment that is relevant to our case. The Court relied upon the rule in *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936), to the effect that where an appeal has been rendered moot it is "the duty of the appellate court" to vacate the lower court judgment. 340 U.S. at 39, 71 S.Ct. at 106.

■ Our question, not dealt with in *Munsingwear*, is whether an exception to the *Duke Power Company* rule should be recognized when the appellant has by his own act caused the dismissal of the appeal and is in no position to complain that his right of review of an adverse lower court judgment has been lost. We hold that such an exception should be recognized; that it is not the duty of the appellate court to direct dismissal of the action under the circumstances of this case. Whether it should be dismissed by the district court, and whether the lower court judgment should continue to have collateral estoppel effect are questions we do not reach.

The court in *Munsingwear* points out, "[c]oncededly the judgment in the first suit would be binding in the subsequent ones if an appeal, though available, had not been taken or perfected." *Id.* 340 U.S. at 39, 71 S.Ct. at 106. So here, had appellant not taken his appeal the lower court judgment would be entitled to collateral estoppel effect. Should the situation be different where appellant takes the appeal and subsequently dismisses it or by settlement secures its dismissal? The answer may be different in different cases as equities and hardships vary the balance between the competing values of right to relitigate and finality of judgment. *See generally* Restatement (Second) of Judgments § 28, "Exceptions to the General Rule of Issue Preclusion" (1982) (discusses circumstances where a need or justification for a new determination of the issue is indicated).

Thus the consequences and attendant hardships of dismissal or refusal to dismiss remain to be explored; and the decision, on the facts of this case, between the competing values of finality of judgment and right to relitigation of unreviewed disputes should be left to the district court—either the court below or the one in which collateral estoppel is asserted.

Similarly, we find that the Supreme Court's recent decision in *Great Western Sugar v. Nelson*, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979), does not control the facts of the present case. In *Great Western*, an employee sued to compel arbitration of his discharge. The district court ordered that the dispute be submitted to arbitration. Before the appeal could be decided on the merits, the arbitration was completed and the employee filed a notice of mootness. Without explanation, the Tenth Circuit dismissed the appeal as moot, but did not

vacate the district court's decision. The Supreme Court reversed citing the rule in *Munsingwear*. Significantly, the appeal was not mooted by settlement and neither the facts in *Great Western* nor the memorandum order issued by the court of appeals provided any clear basis for the court's decision to depart from the procedure outlined in *Munsingwear*.

Finally, the facts of the present case also serve to distinguish our holding from the Supreme Court's recent action in vacating this court's decision in *Security Bancorp v. Board of Governors of the Federal Reserve System*, 655 F.2d 164 (9th Cir. 1979), *vacated*, 454 U.S. 1118, 102 S.Ct. 962, 71 L.Ed.2d 105 (1981). In *Security Bancorp*, the Ninth Circuit reversed the Board of Governors' (Board's) denial of petitioner's application to form a bank holding company. The Board's decision was based upon the applicant's "inadequate managerial resources." In particular, the Board found that the 97 percent stockholder of the proposed bank holding company had assisted American corporations in making payments to foreign government officials. Because these activities occurred years before the individual became a stockholder at a time when such actions were not illegal and because there was no showing that these actions endangered bank funds, the court ordered the Board to grant the application. Following issuance of the court's opinion, but before the denial of the petition for rehearing, the government moved to vacate the decision as moot because the proposed action for which petitioner had sought Board approval had been abandoned in favor of a merger with another bank and the stockholder involved in the payments to foreign governments had sold his interest in the company. The court denied the government's motion to vacate the decision on grounds of mootness citing the court's discretionary authority in dismissing appeals when a particular controversy has expired. *See Security Bancorp v. Board of Governors of the Federal Reserve System*, 655 F.2d at 168. The Supreme Court vacated the judgment as moot and ordered the court of appeals to remand the case to the Board with instructions to vacate the administrative decision. 454 U.S. 1118, 102 S.Ct. 962, 71 L.Ed.2d 105 (1981). This case was not rendered moot by settlement, but by appellant's decision to merge with another bank rather than become a bank holding company for which it had sought Board approval. Significantly, appellant had prevailed before the court of appeals, but chose to pursue a different course of action which mooted the dispute regarding its application for status as a bank holding company. Appellant's actions were not motivated by any desire to avoid the collateral estoppel effect of the Board's ruling since the court of appeals had invalidated that decision.

For the reasons stated above, we dismiss this appeal as moot and deny the motion to vacate the judgment of the district court.

All motions to intervene are likewise denied without prejudice, however, to the right of any interested party to seek dismissal of the action by the district court.