**Nunam KITLUTSISTI; Yukon-Kuskok-wim Coastal Resource Service Area Board; and Trustees For Alaska, Plaintiffs/Appellees,**

v.

**ARCO ALASKA, INC.; ARCO Exploration Company; Atlantic Richfield Company; Ernesta Barnes; and William Ruckelshaus, et al., Defendants,**

**and**

**Exxon Corporation, Intervenor-Defendant/Appellant.**

**Nos. 84–4128, 84–4129 and 84–4185.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1985.

Decided Feb. 11, 1986.

Eric Smith, Anchorage, Alaska, for trustees for Alaska.

Thomas E. Meacham, Burr, Pease & Kurtz, Anchorage, Alaska, for Arco Alaska.

Brice M. Clagett, Bobby R. Burchfield, Covington & Burling, Washington, D.C., Carl J.D. Bauman, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for Exxon Corp.

F. Henry Habicht, II, Asst. Atty. Gen., Michael R. Spaan, U.S. Atty., Bruce M. Landon, Asst. U.S. Atty., Anchorage, Alaska, Martin W. Matzen, Barry S. Neuman, Jacques B. Gelin, Dept. of Justice, Washington, D.C., for Federal defendants.

Before HUG, FARRIS, and BOOC-HEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

The facts and procedural background of this case are set forth in the district court's opinion, *Kitlutsisti v. ARCO Alaska, Inc.*, 592 F.Supp. 832, 835–37 (D.Alaska 1984), and need not be repeated in detail. In response to plaintiffs' action against ARCO Alaska under the citizen suit provisions of the Federal Water Pollution Control Act of

1972, 33 U.S.C. § 1365 (1982), the district court on June 28, 1984 issued an injunction that no drilling should occur in Norton Sound after January 1, 1985 unless new general or individual NPDES permits were issued by the Environmental Protection Agency (EPA). *See* 592 F.Supp. at 844. On June 4, 1985, the day before we held oral argument in this case, the EPA drilling permit at issue was published in the Federal Register and became effective. 50 Fed.Reg. 23,578 (1985). The district court's injunction against drilling by ARCO and Exxon therefore expired by its own terms.

At the expiration of the injunction, there was no longer any immediate controversy between the parties, and thus this appeal appears moot. *See United States v. Geophysical Corp.*, 732 F.2d 693, 698 (9th Cir. 1984); *Williams v. Alioto*, 549 F.2d 136, 140–41 (9th Cir.1977). Kitlutsisti argues that the issues involved in this case are "capable of repetition, yet evading review," *see Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911), and that the *Southern Pacific* exception to mootness principles applies. Because of the unique nature of the statutory deadline in this case, however, it is extremely unlikely that this controversy will arise again between these parties. Thus this case is not "capable of repetition." *See NAACP v. City of Richmond*, 743 F.2d 1346, 1353 (9th Cir.1984) (must be "a reasonable likelihood that the same party will be subject to the action again"); *Williams*, 549 F.2d at 142 ("when the chance of repetition is remote and speculative, there is no jurisdiction"); *cf. Trustees for Alaska v. EPA*, 749 F.2d 549, 555–58 (9th Cir.1984) (continuing failure by EPA to establish effluent standards not moot). Moreover, Kitlutsisti's suggestion that the case is not moot because the legality of drilling permits in other regions of Alaska and California may yet be unresolved has no merit: those hypothetical permits are not at issue in this case. *See Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir.1978). We therefore hold that this appeal is moot.

The established procedure when a civil case becomes moot on appeal is to "vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). Kitlutsisti argues that even if this appeal is moot we should not follow the *Munsingwear* procedure here. First, Kitlutsisti argues that because the case was mooted by appellant EPA's action, *Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720 (9th Cir.1982), dictates that we dismiss the appeal without vacating the judgment below. *Ringsby* distinguished between appellants who "are and are not responsible for rendering their case moot at the appellate level" because "[i]f the effect of post-judgment settlements were automatically to vacate the trial court's judgment, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Id.* at 721.

*Ringsby* is not controlling here because it arose from a very different factual situation. In *Ringsby*, the parties settled their dispute after the district court decision. *Id.* In this case, there has been no settlement, and appellants have not changed their positions in any way. Rather, the EPA, albeit tardily, has done what it said all along it would do: issue a BAT drilling permit for Norton Sound. There is nothing in the record, as there was in *Ringsby, see id.* at 721 n. 1, to suggest that the EPA or the other appellants changed their positions and mooted the case to avoid the preclusive effect of the district court's judgment. Moreover, even Kitlutsisti has not suggested that the EPA is likely, after the case is dismissed, to withdraw the Norton Sound BAT permit and renew the controversy. Thus we conclude that the *Ringsby* analysis is inapplicable here.

Kitlutsisti also suggested without specificity at oral argument that some portions of the district court's opinion were not appealed and that under *Munsingwear* we should vacate only those portions of the opinion which were the subject of the appeal. The rest of the opinion would retain precedential value. The only authority Kit-

lutsisti has cited for this novel procedure is *Crowell v. Mader*, 444 U.S. 505, 100 S.Ct. 992, 62 L.Ed.2d 701 (1980) (per curiam). *Crowell* is not on point. That case concerned an ongoing series of challenges to state senatorial redistricting plans. In 1972, the district court invalidated the legislative plans and imposed a court-ordered plan, which was superseded in 1973 by a second legislative plan. The district court then invalidated this 1973 plan. While this decision was on appeal to the Supreme Court, the legislature superseded its 1973 plan with yet another plan (the 1979 plan). The Court held that this mooted the appeal of the 1973 plan decision, and it vacated the district court's judgment. *Id.* at 506, 100 S.Ct. at 992. The Court noted, however, that the plaintiffs might want to challenge the 1979 plan or seek attorney's fees, and it therefore did not order the district court to dismiss the entire action. *Id.*

*Crowell* is therefore authority that mootness on appeal need not preclude subsequent district court resolution of issues remaining in the case. It is not authority for the proposition that we should selectively vacate portions of a district court opinion, and we decline to announce such a rule without precedent. Moreover, plaintiffs here failed to set forth any adequate analysis indicating that a portion of the district court's opinion was not appealed and is severable.

The appeal is dismissed as moot and the decision of the district court is vacated with orders to dismiss the action without prejudice to Kitlutsisti's motion for attorney's fees in the district court. No authority has been presented for allowance of attorney's fees on appeal and plaintiffs' motion for such fees is denied.