944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tim HAMILTON, Clifford Houser, Bobby Martin, Dennis Trulock,
Pat Waters, the Lane Group, Inc., Plaintiffs-Appellees,
v.
UNION OIL COMPANY OF CALIFORNIA, dba Unocal, Defendant-Appellant.
 No. 90-35426.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1991.
Decided Sept. 17, 1991.
 
 Before EUGENE A. WRIGHT, FARRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 INTRODUCTION
 
 2
 Union Oil Company of California (Unocal) appeals the application of collateral estoppel to a judgment vacated pursuant to settlement. Unocal first contends the judgment lost its preclusive effect upon vacatur. In the alternative, Unocal contends the district court abused its discretion by applying collateral estoppel from the vacated judgment. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 In the first action, Amos v. Union Oil Co., 663 Fed.Supp. 1027 (D.Or.1987), forty-five Unocal oil dealers sued Unocal for fraud and breach of an implied covenant of good faith and fair dealing. The jury found in favor of the plaintiffs, and Unocal appealed. While the appeal was pending, Unocal settled the case and sought vacatur of the judgment as a condition of settlement. The district court vacated the judgment without commenting on the preclusive effect of the vacated judgment.
 
 
 4
 In the present case, six Western Washington dealers ("Hamilton plaintiffs") sued Unocal for breach of an implied covenant of good faith and fair dealing, fraud, and violation of Washington's Consumer Protection Act ("CPA"). These claims were based on the same conduct involved in Amos. The breach of an implied covenant claim concerned Unocal's sudden switch from 89 octane fuel to 87 octane fuel. The fraud and CPA claims involved Unocal's substitution of unleaded premium fuel for leaded premium fuel without notifying the dealers or the public.
 
 
 5
 The Hamilton plaintiffs moved for summary judgment on the implied covenant, fraud, and CPA claims. The district court granted plaintiffs' motion and applied offensive collateral estoppel to the vacated Amos judgment. The jury awarded damages to the plaintiffs, and this appeal followed.
 
 DISCUSSION
 A. Collateral Estoppel
 
 6
 Unocal first contends the Amos judgment lost its preclusive effect upon vacatur and, therefore, offensive collateral estoppel was not available. We disagree. In a companion case, Bates v. Union Oil Co., No. 90-35199, we held that a judgment vacated pursuant to settlement can have preclusive effect notwithstanding the fact that the record fails to disclose that the vacating district court performed the balancing test required by Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720 (9th Cir.1982). We held in Bates that when a district court fails to perform this balancing test, a subsequent district court may weigh the Ringsby factors and determine for itself the preclusive effect of the vacated judgment.
 
 
 7
 In the present case, the Hamilton plaintiffs sought the application of offensive collateral estoppel to the vacated Amos judgment. District Court Judge Rothstein weighed the Ringsby factors and found the balance tipped in favor of finality of judgments. Clerk's Record 81, at 27. Judge Rothstein correctly determined that collateral estoppel could flow from the vacated Amos judgment. See Bates, pp. 2-5.
 
 
 8
 Nevertheless, Unocal argues the district court abused its discretion by applying collateral estoppel and resolving liability issues against it.
 
 
 9
 To apply collateral estoppel, there must be an identity of issues between the Amos case and the present case. See Shapley v. Nevada Bd. of State Prison Comm'r, 766 F.2d 404, 408 (9th Cir.1985) (holding application of collateral estoppel requires identity of issues). Unocal contends that the issue of its liability on the implied covenant claim in Amos is not identical to that issue in this case. Unocal presents three alleged distinctions which it contends prevent the application of collateral estoppel.
 
 
 10
 First, Unocal argues the affidavit of a Unocal employee establishes that, although Unocal did not discuss its marketing changes with the Amos dealers, Unocal did discuss these changes with the Washington dealers. As noted by the district court, this affidavit is vague and does not specifically state that Unocal discussed its marketing changes or informed the dealers when Unocal would discontinue the 89 octane fuel. Second, Unocal argues it did not employ misleading advertising in Washington. This is irrelevant because the Amos judgment did not involve allegations of misleading advertising. The breach of an implied covenant action in Amos and in this case involve Unocal's sudden switch to a commonplace product without warning, marketing studies, or promotion. Third, Unocal alleges the fuel prices in Washington were different from the Oregon fuel prices. Again, this is irrelevant because the findings concerning breach of the implied covenant involve Unocal's failure to reduce its prices upon its sudden switch to 87 octane fuel. As the district court noted in its summary judgment ruling, the plaintiffs presented uncontradicted evidence that Unocal reduced the quality of its fuel without reducing the price in Western Washington and Oregon. We, therefore, conclude the issues concerning the implied covenant claim are identical.
 
 
 11
 Unocal also argues the district court abused its discretion by applying collateral estoppel because it deprived Unocal of an opportunity to present favorable witnesses in this case. This argument is without merit. See Bates, pp. 10-11.
 
 
 12
 It may be unfair to apply collateral estoppel if the first action deprived the party of procedural opportunities that are available in the second action and that "could readily cause a different result." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 (1979). Unocal had a full and fair opportunity, however, to engage in discovery and present a defense in Amos. Further, the testimony of Unocal's favorable witnesses would not produce a different result. This testimony is limited to statements by dealers who have already settled with Unocal that, in their own opinion, Unocal gave them timely notice of the fuel changes.
 
 
 13
 Unocal argues the district court erred by using collateral estoppel to establish Unocal's liability for fraud because, allegedly, the plaintiffs did not present evidence that the invoices falsely stated the fuel was leaded or that the plaintiffs relied on the false invoices or any other representations that the fuel was leaded. This argument also lacks merit.
 
 
 14
 The district court noted that Unocal did not deny the invoices falsely stated the fuel was leaded. In their complaint, the plaintiffs alleged they relied on false representations by Unocal that Unocal was delivering leaded rather than unleaded fuel. Unocal, however, asserts plaintiff Dennis Trulock testified he knew the fuel was unleaded and plaintiff Bobby Martin testified he did not read the invoices.
 
 
 15
 We are not persuaded by this argument. The record reflects that Trulock became confused as to exact dates during questioning by Unocal's counsel and, in fact, testified he did not know the fuel was unleaded. As to Martin, although he may not have read the invoices, he could reasonably assume that when Unocal filled the tank for the pump labeled "leaded" it filled the tank with leaded fuel.
 
 
 16
 Finally, Unocal argues it was unfair to apply collateral estoppel to the Consumer Protection Act ("CPA") claim because Unocal did not have the opportunity to present a reasonableness defense to the jury. The district court granted summary judgment because it found no reasonable jury could conclude Unocal's conduct was reasonable.
 
 
 17
 The CPA claim was based on Unocal's substitution of unleaded for leaded premium without notifying the dealers or the public and its denial of rumors of the substitution. Section 19.86.920 of the CPA states that acts which are "reasonable in relation to the development and preservation of business or which are not injurious to the public" do not violate the CPA. Wash.Rev.Code § 19.86.920 (1989). This section acknowledges that businesses should have "some latitude to conduct their trade," and actions "motivated by legitimate business concerns" will not violate the section. State v. Black, 100 Wash.2d 793, 803, 676 P.2d 963, 969 (1984).
 
 
 18
 Here, Unocal's conduct was not reasonable. The record does not support its assertion that it notified Washington dealers of the substitution. Furthermore, even though the substitution of leaded fuel was legally required, Unocal was not required to deceive the dealers and the public.
 
 
 19
 B. Emotional Distress Damages and Sufficiency of the Evidence
 
 
 20
 Unocal argues the emotional distress damage award was erroneous because the Hamilton plaintiffs failed to present evidence of objective symptoms or that their level of distress exceeded that which is "a fact of life." Washington, however, does not require this proof. Nord v. Shoreline Sav. Ass'n, 116 Wash.2d 477, 805 P.2d 800, 804-05 (1991). To recover emotional distress damages for an intentional tort, a plaintiff must only prove "actual anguish or emotional distress." Id. at 804.
 
 
 21
 Unocal challenges the jury's award of emotional distress damages to Dennis Trulock because Trulock testified he knew the fuel was unleaded. Again, this argument is without merit. Trulock testified he did not know the fuel was unleaded, and the district court found he simply became confused as to exact dates during questioning by Unocal's counsel.
 
 C. Attorney Fees
 
 22
 The plaintiffs seek and are entitled to attorney fees on appeal. Wash.Rev.Code § 19.86.090 (1989); Mason v. Mortgage America, Inc., 114 Wash.2d 842, 856, 792 P.2d 142, 149 (1990); McRae v. Bolstad, 101 Wash.2d 161, 168, 676 P.2d 496, 501 (1984). We remand the case to the district court for the determination of reasonable attorney's fees on appeal.
 
 CONCLUSION
 
 23
 The district court correctly determined that collateral estoppel could be applied based upon the vacated Amos judgment, and it did not abuse its discretion in applying collateral estoppel to the liability issues in this case.
 
 
 24
 The judgment of the district court is AFFIRMED. This case is remanded to the district court for the determination of reasonable attorney fees on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3