INDEPENDENT UNION OF FLIGHT ATTENDANTS, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS, INC., et al., Defendants.

No. 88–3120.

United States District Court, N.D. California.

Oct. 30, 1992.

Bredhoff & Kaiser, Washington, DC, Altsauler & Berzon, San Francisco, CA, for plaintiff.

Bronson, Bronson & McKinnon, San Francisco, CA, for defendants.

## ORDER RE MOTION TO VACATE DECISION

CONTI, District Judge.

## I. INTRODUCTION

Plaintiff Independent Union of Flight Attendants ("IUFA") seeks an order of this court vacating its prior decision on the ground that the case was mooted while on appeal.

## II. FACTS

IUFA brought this action in 1988 against defendants Pan American World Airways,

Inc. and Pan American Corporation ("Pan Am"), seeking to compel arbitration of a grievance concerning work assignments on the now-terminated European operations of Pan American Express, Inc. a wholly-owned subsidiary of Pan Am Corp. At issue in that case was whether Section 204 of the Railway Labor Act ("RLA"), 45 U.S.C. § 184, applied to international operations. Judge Schwarzer dismissed the action by order dated April 7, 1989, holding that there exists no extra-territorial jurisdiction under the RLA, and thus that this court had no subject matter jurisdiction. *Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 132 L.R.R.M. (BNA) 2520, 113 Lab.Cas. (CCH) ¶ 11,672 (N.D.Cal.1989).

IUFA appealed to the Ninth Circuit, which upheld the decision on January 10, 1991. *Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 923 F.2d 678 (9th Cir.1991) (vacated). IUFA then petitioned for rehearing en banc. The Ninth Circuit, however, found that it was precluded from acting on that petition, as Pan Am had declared bankruptcy on January 8, 1991.[1] IUFA then withdrew its original, underlying grievance, and requested that the Ninth Circuit vacate its January 8 order and direct this court to vacate as moot its original dismissal.

In response, the Ninth Circuit vacated its January 8 order, finding that

> [b]ecause IUFA has withdrawn its grievance, we have been "deprived ... of the ability to redress [IUFA's] injuries." [citation]. We conclude that this appeal is now moot. Because this appeal became moot while the petition for rehearing and suggestion for rehearing *en banc* were still pending and before the mandate issued, the appropriate disposition is to vacate the panel's opinion and dismiss the appeal.

*Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir.1992) (citations

---

1. The Ninth Circuit had not yet been notified of the bankruptcy when it issued its January 10 ruling.

omitted).[2] The court, however, declined to order vacatur of this court's decision, instead remanding the case for a determination of whether the judgment should be vacated.

## III. DISCUSSION

■ In cases that become moot during the appeal process, the normal procedure is for the appellate court to both dismiss the appeal and order the district court to vacate the underlying decision. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1940). The rationale behind this procedure is clear; having been denied by circumstances beyond its control the opportunity to fully litigate its case, the appellant should not be bound by the original (and non-final) judgment.

■ There exists an important exception to this rule, however; where, as here, it is the appellant itself that has mooted the appeal, that appellant has not been deprived of a chance to litigate its case. Instead, it has waived that chance, just as if it had chosen not to appeal in the first place, and thus the appellate court will not order the original judgment vacated. This exception finds its best articulation in *Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720, 721 (9th Cir.1982):

We find the distinction between litigants who are and are not responsible for rendering their case moot at the appellate level persuasive. If the effect of postjudgment settlements were automatically to vacate the trial court's judgment, any litigant dissatisfied with the trial court's findings would be able to have them wiped from the books. "it would be quite destructive to the principle of judicial finality to put such a litigant in a position to destroy the collateral conclusiveness of a judgment by destroying his own right of appeal." 1B Moore's Federal Practice ¶ 0.416[6] at p. 2327 (2d ed. 1982). That possibility would undermine

the risks inherent in taking any controversy to trial and, in cases such as this one, provide the dissatisfied party with an opportunity to relitigate the same issues.

As in the *Munsingwear* rule, "[t]he rationale behind this exception is [clear,] that a dissatisfied litigant should not be allowed to destroy the collateral consequences of an adverse judgment by destroying his own right to appeal." *Allard v. DeLorean*, 884 F.2d 464, 467 (9th Cir.1989). Accordingly, the Ninth Circuit in this case followed the practice articulated in *National Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 769 (9th Cir.1989), and remanded the case to this court to balance the relative equities and hardships attendant to either vacating or leaving undisturbed the original opinion.

■ IUFA attempts to argue that it was Pan Am's bankruptcy, and not the withdrawal of its own grievance, that rendered this case moot. While it is true that Pan Am is no longer flying, however, the bankruptcy did not moot the appeal. Rather, it merely stayed proceedings pending the at least theoretical possibility that Pan Am would subsequently emerge from that bankruptcy. As the Ninth Circuit held, "[h]ere the case was made moot not by happenstance, *but by the conduct of IUFA alone in withdrawing its grievance.*" *IUFA*, 966 F.2d at 460 (emphasis added). The legal posture of the underlying dispute was unaltered by the stay.[3]

■ In light of the above, therefore, this court must assess the equities involved in either vacating or leaving undisturbed the original opinion. IUFA, however, has not and can not identify any direct prejudice should the order stand. After all, the case is now moot. IUFA seeks to vacate an order dismissing their own suit for lack of subject matter jurisdiction. Were this court to do so, however, it would then have to dismiss the case anew, this time on

---

2. In so doing, the court found that the automatic bankruptcy stay of 11 U.S.C. § 362(a) does not preclude dismissal of the action.

3. Ironically, it is thus IUFA's own action that produced a final judgment with precedential effect. Had they simply left the appeal pending, there would be no final judgment in this case.

mootness grounds. As there is no other judgment in place, IUFA's substantive position would remain entirely unchanged by the exercise.

IUFA's real purpose here, of course, is not to undo the result, but to erase the rationale for that result. It is the precedent (that the RLA is inapplicable in extraterritorial disputes) that IUFA seeks to avoid; while Pan Am is no longer flying, flight attendants are, and are likely to face the same issues in litigation with other carriers. Were this court to vacate the earlier opinion, IUFA would in effect have been allowed to "depublish" a fully litigated opinion adverse to it on a question of pure law, simply by waiving its own right to appeal that decision. Such a result can only encourage abuse of the legal process by allowing litigants to take repeated swings at the legal ball, simply dismissing and refiling until they reach the desired result.

As Judge Easterbrook held, in a case where *both* parties sought to vacate an underlying opinion following settlement,

> [w]hen a clash between genuine adversaries produces a precedent, however, the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property. We would not approve a settlement that required us to publish (or de-publish) one of our own opinions, or to strike a portion of its reasoning. ... If parties want to avoid stare decisis and preclusive effects, they need only settle before the district court renders a decision, an outcome our approach encourages.

*Matter of Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988). As such, the rule in that circuit is that the appellate courts "always deny these motions to the extent they ask us to annul the district court's acts.... History cannot be rewritten. There is no common law writ of erasure." *Id.* at 1300.

The Ninth Circuit is not as inflexible. Instead, in this circuit the case is remanded to the district court for equitable determination. In making that determination, however, this circuit recognizes that society's interests in judicial finality and precedent are to be weighed along with the interests of the litigants. As the court in *National Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 765 (9th Cir.1989) held, the district court is "to decide the question on remand by balancing 'between the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" (quoting *Ringsby* at 722).

In this case, society's interest in judicial finality and economy must prevail. Particularly in this age of overcrowded dockets, the courts have a strong interest in avoiding the relitigation of issues. Against that interest, the litigants herein have nothing to weigh. Unlike in *Ringsby* or *National Union*, there simply is no interest in relitigation to be balanced; the case is moot, and would simply be dismissed at once, leaving both litigants' positions unchanged. Having voluntarily dismissed their appeal, IUFA must live with whatever precedential value attaches to the underlying decision.[4]

## IV. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that IUFA's motion to

---

**4.** IUFA argues that the result in a separate case involving the same parties dictates a different result here. In that case, Independent Union of Flight Attendants v. Pan American World Airways, Inc., No. 90–55197 (9th Cir. Feb. 14 1992), IUFA sought and received an order compelling arbitration of a grievance concerning domestic routes. Pan Am appealed the decision to the Ninth Circuit. Following its Chapter 11 bankruptcy, Pan Am moved to dismiss its appeal, advising the court that IUFA would be withdrawing its underlying grievance. IUFA did not oppose Pan Am's motion. As it was the appellee IUFA that was rendering the case moot by withdrawing the grievance, the court ordered the underlying opinion vacated. In the instant case, however, it is the appellant that both waived its own right to appeal and rendered the underlying case moot; as such, the companion case is inapposite.

vacate the decision of this court be, and hereby is, DENIED.

IT IS SO ORDERED.