**In re Gregory Leo EHMANN, Debtor.**

**Louis A. Movitz, Trustee, Plaintiff,**

**v.**

**Fiesta Investments, LLC, Defendant.**

**Bankruptcy No. 2–00–05708–RJH.**
**Adversary No. 04–00956.**

United States Bankruptcy Court,
D. Arizona.

Jan. 25, 2006.

Terry A. Dake, Phoenix, AZ, for Trustee.

John J. Hebert, Hebert Schenk P.C., Phoenix, AZ, for Fiesta.

## ORDER WITHDRAWING THIS COURT'S OPINION AND ORDER DATED DECEMBER 7, 2005, AND APPROVING THE TRUSTEE'S MOTION TO APPROVE THE COMPROMISE AND SETTLEMENT

RANDOLPH J. HAINES, Bankruptcy Judge.

Shortly after issuance of this Court's Opinion and Order dated December. 7, 2005, the parties conditionally agreed to a settlement of this adversary proceeding. Under the settlement, Defendant Fiesta Investments, LLC would pay to the Trustee $85,000, an amount which the parties believe is sufficient to pay the administrative expenses of the bankruptcy case and the unsecured claims, virtually in full. The condition of the settlement, however, is the Court's withdrawal of its December 7 Opinion. Both parties have moved for approval of the compromise and settlement pursuant to Bankruptcy Rule 9019, and for the Court's withdrawal of its December 7 Opinion.

■ The Ninth Circuit has held that when a lower court is asked to vacate its own opinion, it should make that determination by weighing the equities *even if* the party seeking vacatur voluntarily mooted the case by settling.[1]

■ Here, it is essentially conceded that the general manager of Defendant Fiesta Investments is particularly interested in eliminating any precedential effect this Court's December 7th Opinion might have, because his principal occupation is as a tax lawyer who frequently advises clients in the use of limited liability companies for estate planning purposes. In the balancing of the equities this counts against vacatur because it is in effect the "buy and bury" strategy that the Ninth Circuit has

---

1. *National Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 767 (9th Cir.1989), citing *Ringsby Truck Lines, Inc. v. Western Confer-* *ence of Teamsters,* 686 F.2d 720 (9th Cir.1982) and *Allard v. DeLorean,* 884 F.2d 464 (9th Cir.1989).

criticized.[2] It also raises the Seventh Circuit's objection to the right of private parties to obtain expungement of a public act of the government.[3]

Nonetheless, in weighing the equities, the Court must be mindful of the interests of unsecured creditors in this case who are understandably much more interested in getting their debts paid than in the law of executory contracts as applied to family planning LLCs. Their interests weigh heavily in favor of the settlement and vacating the Opinion. There is little equity on the other side because a bankruptcy court opinion has essentially no precedential value beyond law of the case and the inherent logic of its analysis. And, regardless of what the Court does here, it cannot disagree with Judge Easterbrook's observation that "History cannot be rewritten."[4]

For these reasons,

IT IS ORDERED withdrawing this Court's Opinion and Order of December 7, 2005, and

IT IS FURTHER ORDERED granting the Trustee's motion to approve the compromise and settlement.

---

**2.** *American Games, Inc. v. Trade Products, Inc.,* 142 F.3d 1164, 1170 (9th Cir.1998), citing *Mancinelli v. International Business Machines,* 95 F.3d 799, 800 (9th Cir.1996) (Kleinfeld, J., dissenting).

**3.** *Seafirst, supra* note 1, 891 F.2d at 768, citing *In re Memorial Hospital,* 862 F.2d 1299 (7th Cir.1988).

**4.** *Memorial Hospital, supra,* 862 F.2d at 1300.