# FILED

**NOT FOR PUBLICATION**



JAN 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTHWEST CENTER FOR BIOLOGICAL DIVERSITY; CALIFORNIA NATIVE PLANT SOCIETY; WETLANDS ACTION NETWORK; SAVE OUR FORESTS AND RANCHLANDS; CARMEL MOUNTAIN CONSERVANCY; PRESERVE WILD SANTEE; IRON MOUNTAIN CONSERVANCY; RAMONANS FOR SENSIBLE GROWTH; SAN DIEGO AUDUBON SOCIETY; SIERRA CLUB, HORNED LIZARD CONSERVATION SOCIETY; EARTH MEDIA; PRESERVE SOUTH BAY; SAN DIEGO HERPETOLOGICAL SOCIETY, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> JIM BARTEL, Carlsbad Field Supervisor;[*] ANNE BADGLEY, Acting Regional Director; GALE A. NORTON, Secretary of the Interior; MICHAEL UBERUAGA, | No. 06-56851 <br><br> D.C. No. CV-98-02234-RMB <br><br> MEMORANDUM[**] |

---

[*]    Jim Bartel is substituted for his predecessor, Ken Berg, as Carlsbad Field Supervisor of the Fish and Wildlife Service.  Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Diego City Manager; ROBERT DAVIS, District Engineer; U.S. FISH AND WILDLIFE SERVICE,

Defendants,

PARDEE CONSTRUCTION COMPANY,

Defendant-intervenor,

and

CITY OF SAN DIEGO,

Defendant-cross-defendant - Appellee,

BUILDING INDUSTRY LEGAL DEFENSE FOUNDATION; NATIONAL ASSOCIATION OF HOME BUILDERS; CALIFORNIA BUILDING INDUSTRY ASSOCIATION; BUILDING INDUSTRY ASSOCIATION OF SAN DIEGO,

Defendant-intervenors - Appellants.

Appeal from the United States District Court
for the Southern District of California
Rudi M. Brewster, Senior District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: HUG, REINHARDT, and BYBEE, Circuit Judges.

Intervenor-Appellants appeal the district court's injunction barring "pending and future development projects" that might affect seven species found in San Diego's "vernal pool habitat." *Sw. Ctr. for Bio. Diversity v. Berg*, 470 F. Supp. 2d 1118, 1161-62 (S.D. Cal. 2006). The district court had issued the injunction as part of a ruling invalidating portions of the Incidental Take Permit ("ITP") that the Fish and Wildlife Service ("the Service") had granted to the City of San Diego ("the City") in July 1997. Because the portions of the ITP that were the subject of litigation in district court no longer exist, we dismiss the appeal as moot and remand to the district court with instructions to vacate the injunction.

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). If at any time during litigation, something happens "that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quotation marks omitted).

This litigation concerns whether the portions of the City's ITP that apply to the vernal pool species violate the Endangered Species Act ("ESA"). After this appeal was argued and submitted on March 8, 2010, the City informed the Service on April 20, 2010 that it was relinquishing the portions of the ITP covering the

3

vernal pool species. On May 14, 2010, the Service cancelled the portions of the ITP at issue. Because the relevant portions of the ITP no longer exist, it is unclear how there remains a live case or controversy. The City, the Service, and Intervenors agree that the action is moot.

Appellees insist that the case is not moot and urge us to find that, regardless of this turn of events, the voluntary cessation exception to mootness applies. Under this doctrine, a party's voluntary actions do not moot a case unless that party establishes that "subsequent events [have] made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (citation omitted).

The cancellation of the ITP was accomplished through the joint action of the City and the Service, neither of which are parties to this appeal. We think it is clear that, taken in context, the cancellation of the ITP means that the City no longer has authority to issue any permits affecting the vernal pool species. Consequently, there is nothing for the district court to enjoin. Should the City wish to acquire new authority to grant take permits to landowners, it must draft a new Habitat Conservation Plan from scratch and apply to the Service for a new regional

ITP. This is a long and thorough process, in which Appellees are free to participate by attending public hearings or by submitting comments.

Appellees emphasize that the City's expressed intent to apply for a new ITP in 2012 indicates both that there remains a live controversy, and that the City and Service may violate the ESA in the future. Just because the City has tentatively announced plans to apply for a new ITP, however, does not ensure that the City will ultimately complete all the steps required to submit a new ITP application. Nor is it guaranteed that the Service will act favorably on a new ITP application from the City. But if it does, and if Plaintiffs are dissatisfied with the new ITP, then Plaintiffs will be free to challenge the new ITP in court.

For the foregoing reasons, we hold that this case is moot, and accordingly, we dismiss Intervenors' appeal. The case is remanded to the district court with instructions to vacate the injunction, and for any other proceedings consistent with this disposition. *See Kitlutsisti v. ARCO Alaska, Inc.*, 782 F.2d 800, 801 (9th Cir. 1986).

DISMISSED AND REMANDED.