OPINION
PER CURIAM:
Plaintiff Michelle Norsworthy, a transgendered woman, has been incarcerated in the California prison system since 1987. In 2000, she was diagnosed with gender' dysphoria and, several years thereafter, petitioned the California Department of Corrections and Rehabilitation (“CDCR”) for sex reassignment surgery, a procedure that would transform her sex characteristics from male to female. After CDCR denied the petition, Norsworthy sued, alleging that the denial amounted to cruel and unusual punishment under the Eighth Amendment. The district court issued a preliminary injunction ordering the defendants to provide Norsworthy with sex reassignment surgery. CDCR appealed under 28 U.S.C. § 1292(a)(1). This court stayed the preliminary injunction pending appeal.
While this appeal was pending— one day prior to oral argument — Norswor- *1092 thy was released on parole from the California prison system. The defendants contend that the case became moot once CDCR released Norsworthy. We agree. “An inmate’s release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison’s policies unless the suit has been classified as a class action.” Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995). Norsworthy does not seriously dispute that the case became moot upon her release.
Here, the district court entered a mandatory injunction requiring CDCR to perform sex reassignment surgery. Although automatic vacatur is “the ‘established practice’ ... whenever mootness prevents appellate review,” an exception to this practice exists when a case is mooted “not due to ‘happenstance’ but ‘when the appellant has by his own act caused the dismissal of the appeal.’ ” Dilley, 64 F.3d at 1369-70 (quoting Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir.1982)). Defendants argue that vacatur is appropriate as to the entirety of the district court’s determination because an “independent parole suitability review process” mooted the case. Where “the facts surrounding” a prisoner’s release “are not sufficiently developed in the record ... to determine” whether the release occurred through happenstance or the defendants’ actions, the appropriate course is to remand to the district court to determine whether to vacate its order. Id. at 1371. We therefore remand to the district court so that it can determine whether this appeal became moot through happenstance or the defendants’ own actions.[1] If the latter is the *1093 case, the district court should consider the factors under Ringsby to determine whether to vacate its preliminary injunction order.
Accordingly, this appeal is dismissed as moot, and we remand this case to the district court so that it can determine whether to vacate its preliminary injunction order, as well as to consider the question of the award of attorneys’ fees.
DISMISSED and REMANDED with directions.

. The dissent charges that our decision to remand because it is unclear whether defendants' actions mooted the case "approaches sophistry.” Our precedent, however, requires that we remand in such circumstances. See Dilley, 64 F.3d at 1371. Moreover, although our dissenting colleague may be willing to accept the defendants' assertions regarding the independence of the parole review process, we are not so convinced. Before Nor-sworthy filed this suit, a panel of the parole board had on several prior occasions denied her parole. It last did so in March 2013 for a three-year term, meaning that Norsworthy's next parole hearing should in the ordinary course have come in March 2016. Four months after Norsworthy filed this suit in February 2014, however, the parole board decided to advance the date of her next parole hearing. That hearing was then delayed and, in the meantime, the district court granted the motion for a preliminary injunction in April 2015. A little over a month later, Nor-sworthy finally had a parole hearing, at which point a parole board panel approved her application.
By statute, both the full parole review board and governor can review a panel decision within a certain time. See Cal.Penal Code §§ 3041, 3041.2. Here, if both the full parole board and governor had let these statutory periods lapse without action, the parole determination would have become final on October 18, 2015. As it happened, this court asked the parties on July 20 to provide an update regarding Norsworthy's parole and address whether the parole board panel’s decision mooted the case. In their response, defendants informed us for the first time that the full parole board had at some point approved the panel's decision and that defendants "anticipate[d]” a final decision from the governor by August 7 that, if favorable to Norsworthy, would insure that she would "be released from prison in August.” The governor did indeed approve Norsworthy’s parole on August 7. Nevertheless, Norsworthy argued that oral argument should proceed as scheduled on August 13 because CDCR planned to release her on August 14, meaning that she would still be incarcerated on the date of oral argument. Defendants reply— filed on. August 12, the eve of oral argument — . informed us that Norsworthy had in fact been released that very morning. The reply did not divulge why Norsworthy’s release date had changed.
Far from "sophistry,” these coincidences indicate that there is at least some chance that defendants influenced the. parole process. At this point, however, all we can say is that the circumstances of Norsworthy’s release are *1093 somewhat unusual. Because we can say no more, we are unwilling to express a view of what happened without full knowledge of all the facts that the district court should consider in the first instance. •