CALLAHAN, Circuit Judge,
concurring in the dismissal and dissenting from the remand:
Everyone agrees that this appeal is moot. Ms. Norsworthy has been released from, custody by the California Department of Corrections and Rehabilitation (“CDCR”). Accordingly, in addition to dismissing this appeal we should vacate the mandatory preliminary injunction ordering CDCR to provide Ms. Norsworthy with sex reassignment surgery.
The majority’s remand is based on legal error and unnecessarily prolongs this litigation. The majority admits that vacatur is appropriate unless “the appellant has by his own act caused the dismissal of the appeal.” Dilley v. Gunn, 64 F.3d 1365, 1369-70 (9th Cir.1995). The majority does not say that this has happened; it only protests that the facts surrounding Ms. Norsworthy’s release “are not sufficiently developed.”
This approaches sophistry. The’process by which the Parole Board determined that Ms. Norsworthy’s confinement was no longer required and the Governor’s review of that decision are set forth fully in the documents that have been submitted to the Court. There is no real doubt that the Parole Board and the Governor are not subject to or responsible to the CDCR.[1]
Moreover, the remand simply encourages unnecessary litigation over a mandatory preliminary injunction that everyone agrees is moot. In contrast, the vacatur of the injunction would have no effect on Ms. Norsworthy’s assertion that she remains entitled to attorney’s fees.
The mandatory preliminary injunction should be vacated.

. Accepting the majority's characterization of the facts concerning Ms. Norsworthy’s release, it only shows influence and not that “the appellant has by his own act caused the dismissal of the appeal.” Dilley, 64 F.3d at 1369-70 (quoting Ringsby Truck Lines v. Western Conference of Teamsters, 686 F.2d 720, 111 (9th Cir.1982)).