**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RESERVE MEDIA, INC., a Delaware corporation, <br><br>     Plaintiff-counter-defendant-Appellee, <br><br>   v. <br><br> EFFICIENT FRONTIERS, INC., <br><br>     Defendant-counter-claimant-Appellant. | No.   17-55687 <br><br> D.C. No. <br> 2:15-cv-05072-DDP-AGR <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted November 7, 2018
Pasadena, California

Before:  WARDLAW, RAWLINSON, and HURWITZ, Circuit Judges.

On the eve of the scheduled oral argument in this appeal, Reserve Media, the

prevailing party below and Appellee here, filed an "Unopposed Motion

Withdrawing Answering Brief and Conceding Appeal."  Dkt. No. 42.  Reserve

Media also asked us to "vacate the Judgment and Orders of the District Court with

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

prejudice." *Id.* It indicated that this filing was made "pursuant to a confidential settlement." *Id.*

This appeal is therefore moot, and we must dismiss it. *In re Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001) ("If a case becomes moot while pending on appeal, it must be dismissed."). As to Reserve Media's request for vacatur, the Supreme Court has held that "mootness by reason of settlement does not justify vacatur of a judgment under review." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). Rather, "the touchstone of vacatur is equity," and the district court is the appropriate venue for making that determination. *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995). We therefore "remand so the district court can consider whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Id.* at 1371 (quoting *Ringsby Truck Lines, Inc. v. W. Conferences of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)).

**DISMISSED; REMANDED.**

Each party shall bear its own costs of appeal.