**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

STATE OF OREGON, by and through
its Department of Environmental
Quality, Department of Land
Conservation and Development,
and Department of Energy,
                    *Petitioner,*

            v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent,*

NORTHERNSTAR ENERGY LLC;
BRADWOOD LANDING LLC,
                    *Intervenors.*

No. 09-70269

FERC Nos.
CP06-365-002
CP06-366-002
CP06-376-002
CP06-377-002

COLUMBIA RIVERKEEPER; SIERRA
CLUB; LANDOWNERS AND
CITIZENS FOR A SAFE COMMUNITY;
WAHKIAKUM FRIENDS OF THE RIVER;
WILLAPA HILLS AUDUBON SOCIETY;
GAYLE KISER,
                    *Petitioners,*

NEZ PERCE TRIBE,
                    *Intervenor,*

            v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent,*

NORTHERNSTAR ENERGY LLC;
BRADWOOD LANDING LLC,
                    *Intervenors.*

No. 09-70442

FERC Nos.
CP06-365-002
CP06-366-002
CP06-376-002
CP06-377-002

THE STATE OF WASHINGTON,
DEPARTMENT OF ECOLOGY,
                    *Petitioner,*

            v.

FEDERAL ENERGY REGULATORY
COMMISSION,
                    *Respondent,*

NORTHERNSTAR ENERGY LLC;
BRADWOOD LANDING LLC,
                    *Intervenors.*

No. 09-70477

FERC Nos.
CP06-365-000
CP06-366-000
CP06-376-000
CP06-377-000
CP06-365-002
CP06-366-002
CP06-376-002
CP06-377-002

OPINION

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

Argued and Submitted
February 10, 2011—Seattle, Washington

Filed March 2, 2011

Before: Betty B. Fletcher, Richard A. Paez, and
Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Stephanie M. Parent (argued) and Eric C. Lagesen, Oregon Department of Justice, Portland, Oregon, for petitioner State of Oregon.

Joan M. Marchioro, Office of the Washington Attorney General, Olympia, Washington, for petitioner State of Washington.

Tom Buchele, Pacific Environmental Advocacy Center, Portland, Oregon, for petitioner Columbia Riverkeeper et al.

Michael Lopez, Nez Perce Tribe Office of Legal Counsel, Lapwai, Idaho, and Erin Madden, Cascadia Law PC, Portland, Oregon, for intervenor Nez Perce Tribe.

Kristen M. Fletcher, Washington, DC, for amicus curiae Coastal States Organization.

Jackson D. Logan, III, Louisiana Department of Justice, Baton Rouge, Louisiana, for amici curiae State of Louisiana et al.

Robert M. Kennedy, Jr. (argued), Federal Energy Regulatory Commission, Washington, DC, for respondent Federal Energy Regulatory Commission.

---

**OPINION**

PER CURIAM:

The states of Oregon and Washington, Columbia Riverkeeper et al., and the Nez Perce Tribe (collectively, petitioners) seek review of a September 18, 2008 order of the Federal Energy Regulatory Commission (FERC). For the reasons stated below, we dismiss the petition for review as moot and vacate the agency's September 18, 2008 order.

I

FERC's September 18, 2008 order incorporated two different authorizations, each with conditions. First, pursuant to Section 3 of the Natural Gas Act (NGA), 15 U.S.C. § 717b(a), FERC authorized Bradwood Landing LLC (Bradwood) to site, construct, and operate a liquefied natural gas (LNG) import terminal in Clatsop County, Oregon. Second, pursuant to Section 7 of the NGA, *id.* § 717f(c)(1)(A), FERC issued a Certificate of Public Convenience and Necessity (CPCN)

authorizing NorthernStar Energy LLC (NorthernStar) to construct and operate a natural gas pipeline that would connect the new Bradwood LNG terminal to the Pacific Northwest's existing natural gas pipeline network.[1] The pipeline would traverse Clatsop and Columbia Counties, Oregon, and Cowlitz County, Washington. The FERC order also gave NorthernStar blanket certificates to perform certain routine construction activities and operations, and to provide transportation services on an open access basis. After FERC twice denied rehearing, the petitioners seek judicial review in this court under the Administrative Procedure Act. *See* 5 U.S.C. §§ 702, 704.

The parties have informed us that the following events occurred after the petition for review was filed. First, on May 4, 2010, Bradwood and NorthernStar filed petitions in bankruptcy for Chapter 7 liquidation. *See In re NorthernStar Natural Gas, Inc.*, No. 10-33856 (Bankr. S.D. Tex.); *In re Bradwood Landing LLC*, No. 10-33867 (Bankr. S.D. Tex.). Second, in a letter dated August 18, 2010, Washington denied without prejudice the proponents' request for certification under the Clean Water Act, (CWA) 33 U.S.C. § 1341(a)(1),[2]

---

[1] We refer to the terminal and pipeline collectively as "the project," and to Bradwood and NorthernStar collectively as the "project proponents."

[2] The relevant portion of the CWA states:

> Any applicant for a Federal license or permit to conduct any activity including, but not limited to, the construction or operation of facilities, which may result in any discharge into the navigable waters, shall provide the licensing or permitting agency a certification from the State in which the discharge originates or will originate . . . that any such discharge will comply with the applicable provisions of sections 1311, 1312, 1313, 1316, and 1317 of this title. . . . No license or permit shall be granted until the certification required by this section has been obtained or has been waived as provided in the preceding sentence. No license or permit shall be granted if certification has been denied by the State . . . .

33 U.S.C. § 1341(a)(1).

on account of the proponents' failure to submit information requested by the state. Third, in a letter dated September 14, 2010, Oregon objected to the project proponents' federal consistency determination under the Coastal Zone Management Act (CZMA), 16 U.S.C. § 1456(c)(3)(A).**³** Oregon made this objection because the project proponents had failed to provide required information, a component of the project was inconsistent with the state's enforceable land use policies, and the project proponents had failed to obtain necessary state and local authorizations. Finally, on November 5, 2010, BL Credit Holdings, LLC purchased all permits and intellectual property owned by Bradwood at a foreclosure auction.**⁴**

## II

**[1]** A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). We "are without power to decide questions that cannot affect the rights of litigants in the case before [us].' " *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). This is such a case.

**[2]** While FERC may authorize a permittee to transfer a Section 3 permit to a new project proponent, 18 C.F.R. § 153.9(a), the CPCN "is not transferable in any manner," *id.* § 157.20(e). Once NorthernStar is liquidated in the bankruptcy proceeding, it will no longer exist, and thus will not be able to renew its efforts to obtain Washington's certification

---

**³**The statute provides, in pertinent part: "No license or permit shall be granted by the Federal agency until the state or its designated agency has concurred with the applicant's certification [that the permit complies with the state's coastal management program] or until, by the state's failure to act, the concurrence is conclusively presumed . . . ." 16 U.S.C. § 1456(c)(3)(A).

**⁴**The parties' submissions make no mention of NorthernStar's assets.

under the CWA or Oregon's concurrence in the proponents' federal consistency determination under the CZMA, or proceed with the pipeline project in any other manner. Nor can it transfer the CPCN to a third party. While Bradwood's Section 3 permit is theoretically transferable, the petitioners concede that the terminal and the pipeline essentially constitute a single project that will go forward together, or not at all, even though the terminal and the pipeline are formally subject to two different permits. Given that the project proponents have filed Chapter 7 petitions, and failed to demonstrate compliance with Washington state water quality standards or consistency with Oregon's land use policies and project authorization requirements, the future of the project as currently permitted is in grave doubt.

**[3]** Under these circumstances, the possibility that the project authorized by FERC's September 18, 2008 order could be revived to threaten the interests of the petitioners is "too remote and too speculative a consideration to save this case from mootness." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (citing *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1989)). Consequently, we hold that the petitioners' challenge to the FERC order is moot.

### III

In cases where intervening events moot a petition for review of an agency order, the proper course is to vacate the underlying order. *A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 330-31 (1961); *see* 15 U.S.C. § 717r(b). Accordingly, we dismiss the petition as moot and vacate FERC's September 18, 2008 order.

**PETITION DISMISSED; ORDER VACATED.**