NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PACIFIC GAS & ELECTRIC COMPANY, | No. 19-71615 |
| Petitioner, | FERC Nos. EL19-35-000 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | EL19-36-000 |
| Petitioner-Intervenor, | MEMORANDUM* |
| v. | |
| FEDERAL ENERGY REGULATORY COMMISSION, | |
| Respondent, | |
| NEXTERA ENERGY, INC.; et al., | |
| Respondents-Intervenors. | |

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

| | |
|---|---|
| In re: PG&E CORPORATION; PACIFIC GAS & ELECTRIC COMPANY, | No. 19-16833 |
| Debtors, | D.C. No. 3:19-bk-30088 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PACIFIC GAS & ELECTRIC COMPANY;
PG&E CORPORATION,

             Plaintiffs-Appellees,

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,

             Intervenor,

  v.

FEDERAL ENERGY REGULATORY
COMMISSION,

             Defendant-Appellant,
_____

CALIFORNIA DEPARTMENT OF
WATER RESOURCES STATE WATER
PROJECT,

             Intervenor.

In the Matter of: PACIFIC GAS &
ELECTRIC COMPANY; PG&E
CORPORATION,

             Debtors,

------------------------------

 PACIFIC GAS & ELECTRIC COMPANY;
PG&E CORPORATION,

             Plaintiffs-Appellees,

No.   19-16834

D.C. No. 3:19-ap-3003

2

v.

AV SOLAR RANCH 1, LLC; et al.,

        Intervenors-Appellants,

v.

FEDERAL ENERGY REGULATORY
COMMISSION,

        Defendant.

Appeal from the United States Bankruptcy Court
for the Northern District of California
Dennis Montali, Bankruptcy Judge, Presiding

Argued and Submitted August 14, 2020
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Pacific Gas & Electric Corporation (PG&E) petitions for review of two orders of the Federal Energy Regulatory Commission (FERC), and FERC appeals an order of the bankruptcy court. The orders all involved the same question: whether a Chapter 11 debtor can cease performing under its wholesale power contracts with the approval of the bankruptcy court, or whether FERC's consent is also needed. In its orders, FERC declared that it must approve such changes, whereas the bankruptcy court rejected that position. We need not—and cannot— reach the merits of this dispute, because the cases became moot when the

3

bankruptcy court confirmed a reorganization plan requiring PG&E to assume, rather than reject, the contracts at issue. The only remaining question is how to treat the underlying orders. Applying the rule set forth in *Munsingwear v. United States*, 340 U.S. 36 (1950), we vacate all three.

*Munsingwear* holds that "[w]hen a case becomes moot on appeal, the 'established practice' is to reverse or vacate the decision below with a direction to dismiss." *NASD Dispute Resolution, Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997)). This "'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which . . . was only preliminary.'" *Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (quoting *Munsingwear*, 340 U.S. at 40). Vacatur is "generally automatic," *NASD*, 488 F.3d at 1068 (quotations omitted), and these principles apply not only to judicial decisions, but also to agency orders. *A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 329 (1961); *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir. 2011).

The parties generally agree that we should vacate the bankruptcy court's order. They disagree, however, over whether we ought to also vacate FERC's. Relying on *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), FERC and the intervenors urge us to leave the agency's orders in place.

*Bancorp* instructs us that, absent "exceptional circumstances," a party that voluntarily moots its appeal surrenders its claim "to the equitable remedy of vacatur." *Id.* at 25, 29; *accord ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065-66 (9th Cir. 2012). FERC and the intervenors point out that PG&E proposed assuming the power contracts in the reorganization plan ultimately confirmed by the bankruptcy court. They argue that PG&E's involvement in this process renders vacatur inappropriate.

We disagree. The circumstances here justify vacatur even accepting that PG&E had a hand in mooting its petition.[1] Importantly, the company did not intend to circumvent our review of FERC's orders. *See Alvarez*, 558 U.S. at 96–97; *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121 (9th Cir. 2018) (finding "no reason not to vacate the lower court's decision" where "mootness was not caused by the [appellant] in an attempt to evade an adverse decision"). Rather, PG&E twice moved for expedited consideration of these cases so that we could resolve them prior to resolution of the bankruptcy proceedings.

---

[1] We reject FERC's argument that these cases were not ripe for review. The ripeness inquiry asks "whether the issues presented are definite and concrete, not hypothetical or abstract." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (citation omitted). Here, FERC's orders directly affected PG&E's rights within the bankruptcy proceeding. The company has thus established a "definite and concrete" dispute. *See Associated Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1407 n.5 (9th Cir. 1991) (finding controversy ripe where a challenged ordinance's effects were not "confined to the future" but, rather, were presently influencing the parties' decisions).

5

The company also urged us to hear the cases over FERC's related ripeness arguments.

In addition, PG&E's actions were prompted by outside interference. *Cf. Bancorp*, 513 U.S. at 29 (noting that the circumstances there did nothing to "diminish[] the voluntariness of the abandonment of review"). That is, mootness here is attributable, at least in part, to coercion from California. As the bankruptcy court explained, PG&E was "under pressure from various sources," including the state's governor, to reach a "prompt and viable reorganization." In particular, the state established a $21 billion wildfire-liability compensation fund, which was critical to PG&E's ability to reorganize. The state conditioned PG&E's access to this fund on the company having a confirmed reorganization plan in place by June 20. The state presumably so pressured PG&E because it thought a speedy reorganization was in the public interest.

Finally, vacating FERC's unreviewed orders prevents them from adversely impacting PG&E or any other utility down the road. At the heart of these cases lies a dispute concerning FERC's powers over contract performance, including a question of what constitutes a rate change under the filed-rate doctrine and Federal Power Act. These issues could well arise outside of bankruptcy. While the orders are declaratory, and we cannot say with certainty how they might affect PG&E or others, we think the better course is to eliminate that concern. *See Am. Family Life*

6

*Assurance Co. of Columbus v. FCC*, 129 F.3d 625, 631 (D.C. Cir. 1997) (vacating an agency order where doing so removed the "remote possibility of residual collateral harm"). This decision does not especially harm FERC, as it can easily re-assert its position in future proceedings. Indeed, it already has. *ETC Tiger Pipeline LLC*, 171 FERC 61,248 (June 22, 2020) (taking the same position in the context of the Natural Gas Act).

Accordingly, we dismiss PG&E's petition for review (No. 19-71615) with instructions for FERC to vacate its orders.[2] We likewise dismiss FERC's consolidated appeal (Nos. 19-16833, 19-16834) with instructions for the bankruptcy court to vacate its order. In taking these actions, we express no opinion on the merits of the dispute, which we leave for future courts to evaluate. *See Bancorp*, 513 U.S. at 28 (stressing the "inappropriateness of disposing of cases, whose merits are beyond judicial power to consider, on the basis of judicial estimates regarding their merits").

**PETITION FOR REVIEW & APPEAL DISMISSED.**

---

[2] We typically remand for the district court to "decide whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley v. Gunn*, 64 F.3d 1365, 1371 (9th Cir. 1995) (quoting *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)). But considering that FERC, unlike a district court, has a stake in this dispute and has made clear that it would not vacate its orders if given the chance to do so, we direct vacatur.